UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -

ALEXANDER NOSOV,

Defendant.

---

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

00 Cr. 314 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant Alexander Nosov, proceeding pro se, has filed a second motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), arguing that there are extraordinary and compelling reasons for compassionate release, based primarily on his youth at the time of the offense. Nosov seeks a reduction in his sentence to time served and supervised release. Nosov's stated reasons are not extraordinary or compelling, and I deny the motion.

Nosov is currently serving a life sentence after his 2001 convictions, following a jury trial before Judge Robert L. Carter, of Racketeering, Racketeering Conspiracy, Murder in Aid of Racketeering, Kidnapping in Aid of Racketeering, and Conspiracy to Commit Kidnapping. ECF No. 40. The Second Circuit affirmed in 2004. *See United States v. Nosov*, 119 F. App'x 311 (2d Cir. 2004). In 2011, I denied Nosov's § 2255 petition. ECF No. 82. His motions for leave to file successive § 2255 petitions were denied by the Second Circuit in 2016, 2019, and 2020. ECF Nos. 90, 92, 95. I denied Nosov's first motion for compassionate release in January 2021 and clarified my reasons pursuant to the Second Circuit's mandate in May 2022. ECF Nos. 109, 114.

Nosov has now filed a second motion for compassionate release. He contends that compassionate release is warranted because of his youth at the time of the offense and the circumstances in his life at the time that led to his participation in the crime.

Nosov was convicted after a jury trial of (1) kidnapping in aid of racketeering; (2) murder in aid of racketeering; and (3) conspiracy to kidnap. ECF No. 30. Nosov was a member of the Tatarin Brigade, an organized crime group of Russian emigrates, which engaged in extortion, hostage-taking, robbery, murder, and other illegal activity. With others in the Brigade, Nosov participated in the kidnapping and killing of Sergei Kobozev, a bouncer at a nightclub frequented by Nosov, in retaliation for Kobozev's threatening and embarrassing Nosov.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (plurality opinion) (quoting 18 U.S.C. § 3582(c)). However, a court may "reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Here, no reduction in sentence is warranted.

In his first motion for compassionate release, Nosov cited his obesity as placing him at heightened risk during the COVID-19 pandemic and his youth as a factor for lesser culpability. Nosov largely repeats the arguments from his first motion that the sentence does not properly take into account his youth at the time of the crime, that he has rehabilitated and has low recidivism risk, that the conditions of confinement are harsh, and he has a reentry plan that would enable his success. In his second motion Nosov newly contends that extraordinary and compelling reasons for compassionate release exist because his sentence is unusually long and disparate to national averages for similar crimes.

None of these cited factors, or the combination thereof, are extraordinary or compelling reasons warranting a reduction in sentence, and the relevant factors of Section 3553(a) militate

against a reduction in sentence. The life sentence reflects the seriousness of the crime Nosov committed, which was a brutal and cold-hearted killing of Kobozev. While Nosov now, for the first time, accepts his responsibility in the crime, rather than trying to place blame on others as he did throughout trial and in his prior motions, such acceptance is not sufficient to warrant a change in sentence. I recognize that Nosov was 20 years old when he murdered Kobozev, which is not too young to know what he was doing. Nosov may have developed positively while in custody, including earning a degree, and the conditions of prison are difficult. However, these factors are not extraordinary or compelling in light of the seriousness of the offense and the need for deterrence. Given the sentence of life to his co-defendant Vasiliy Ermichine and the circumstances surrounding his crime, a life sentence is not disparate, contrary to Nosov's assertion.

Therefore, Nosov's second motion for compassionate release is denied. The Clerk of Court shall terminate ECF No. 138.

SO ORDERED.

Dated: August 17, 2026
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge